IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 17-71-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| BRIAN DENELSON WILLMAN, | |
| Defendant. | |

## I. Synopsis

Defendant Brian Denelson Willman (Willman) has been accused of violating the conditions of his supervised release. Willman admitted all of the alleged violations. Willman's supervised release should be revoked. Willman should be placed in custody for 18 months, with no supervised release to follow.

## II. Status

Willman pleaded guilty to being a Prohibited Person in Possession of a Firearm on January 10, 2018. (Doc. 21). The Court sentenced Willman to 25 months of custody, followed by 2 years of supervised release. (Doc. 30). Willman's current term of supervised release began on August 16, 2019. (Doc. 36 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on January 27, 2022, requesting that the Court revoke Willman's supervised release. (Doc. 36). The Amended Petition alleged that Willman had violated the conditions of his supervised release: 1) by failing to submit a valid urine sample; by committing other crimes; and 3) by failing to report for substance abuse testing.

**Initial appearance**

Willman appeared before the undersigned for his initial appearance on February 8, 2022. Willman was represented by counsel. Willman stated that he had read the petition and that he understood the allegations. Willman waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 22, 2022. Willman admitted that he had violated the conditions of his supervised release: 1) by failing to submit a valid urine sample; 2) by committing other crimes; and 3) by failing to report for substance abuse testing. The violations are serious and warrant revocation of Willman's supervised release.

Willman's violations are Grade A violations. Willman's criminal history

2

category is VI. Willman's underlying offense is a Class C felony. Willman could be incarcerated for up to 24 months. Willman could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 33 to 41 months.

### III. Analysis

Willman's supervised release should be revoked. Willman should be incarcerated for 18 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Willman that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Willman of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Willman that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. The Court **FINDS:**

> That Brian Denelson Willman violated the conditions of his supervised release: by failing to submit a valid urine sample; by committing other crimes; and by failing to report for substance abuse testing.

The Court **RECOMMENDS:**

That the District Court revoke Willman's supervised release and commit Willman to the custody of the United States Bureau of Prisons for 18 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 23rd day of March, 2022.

John Johnston
United States Magistrate Judge

4